UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARL ANTHONY BARNETT, : | |
| : | Civil No. 16-7940 (FLW) |
| Petitioner, : | |
| : | |
| v. : | **MEMORANDUM AND ORDER** |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**FREDA L. WOLFSON, U.S.D.J.**

Petitioner, Carl Anthony Barnett ("Barnett" or "Petitioner"), filed this Motion to Vacate, Set Aside, or Correct a Sentence, under 28 U.S.C. § 2255, on October 27, 2016, (Mot., ECF No. 1), and subsequently filed two amendments to his pleading, (1st Am. Pet., ECF No. 2; 2d Am. Pet., ECF No. 4). He argues that, under the decision of the Supreme Court in *Mathis v. United States*, 136 S. Ct. 2243 (2016), his prior offenses should not have been used to enhance his sentence as a career offender. (*See* ECF Nos. 1 & 2.) Additionally, Barnett, who previously pleaded guilty to possession with intent to distribute cocaine and a firearm offense, now contends that his plea to the firearm charge was effectively involuntary due to an ambiguity regarding whether the charge was for use or mere possession of a firearm in connection with drug trafficking. (*See* ECF No. 4.)

In early 2017, Barnett filed a motion to appoint counsel to represent him in this proceeding, (Mot., ECF No. 3), and he subsequently filed a motion seeking his release on bail, (Mot., ECF No. 7). The Court thereafter denied Barnett's motion to appoint counsel as premature, since no answer or underlying record had yet been filed, and advised Barnett that he would be "free to renew his motion to appoint counsel at a later date." (Mem. & Order, ECF No.

9, at 2.) The Court also denied Barnett's motion for release on bail, finding that he had not "made a clear case for habeas relief or a showing of extraordinary circumstances." (*Id.* at 2–3.)

Barnett has now filed another motion seeking appointment of counsel and his release on bail pending resolution of this proceeding. (ECF No. 13). In support of this motion, Barnett asserts that the Court previously denied the same relief without prejudice because Respondent had not yet answered and the record was undeveloped, but that these issues are now resolved. (*Id.*) He also generally urges that his petition is meritorious. (*Id.*) Respondent filed no opposition to this motion.

A habeas petitioner has no constitutional or statutory right to representation by counsel. *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded by statute on other grounds* 28 U.S.C. § 2254. Nevertheless, under 18 U.S.C. § 3006A, courts may appoint counsel to habeas petitioners if they are "financially eligible" and if "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In determining whether the interests of justice support the appointment of counsel, "the district court must first decide if the petitioner has presented a nonfrivolous claim and if the appointment of counsel will benefit the petitioner and the court." *Reese*, 946 F.2d at 263. Such an inquiry includes consideration of the petitioner's likelihood of success on the merits, the proceeding's legal complexity, and the petitioner's ability to investigate and present his case. *See, e.g.*, *Fuscaldo v. Nogan*, Civ. No. 16-4198 (JMV), 2016 WL 5660436, at *1–2 (D.N.J. Sept. 28, 2016); *Shelton v. Hollingsworth*, Civ. A. No. 15-1249 (JBS), 2015 WL 5116851, at *2 (D.N.J. Aug. 31, 2015).

An appointment of counsel is not warranted at this time. Without reaching any conclusion as to the ultimate merit of Barnett's claims, the Court observes that the issues are not particularly complex, nor does it seem Barnett is lacking in ability to present them. Barnett's

claims implicate mainly legal issues, the resolution of which will likely not require any factual investigation beyond the underlying record. Consequently, the Court does not find that the interests of justice require appointing Barnett counsel. In the event, however, that the Court subsequently deems an evidentiary hearing necessary, the Court may *sua sponte* reconsider Barnett's application.

In denying Barnett's prior motion for release on bail, the Court noted that such relief is warranted "'only when the petitioner has raised substantial constitutional claims upon which he has a high probability of success, and also when extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective.'" (ECF No. 9 at 3 (quoting *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992).) The Court thus denied that motion for bail not only because Respondent had not yet answered or provided the record, but also because Barnett had "not made a clear case for habeas relief or a showing of extraordinary circumstances." (*Id.*) Barnett's new motion has in no way altered the Court's analysis on this issue.

Therefore, IT IS, on this 12th day of April 2018,

ORDERED that Petitioner's motion to appoint counsel and for release on bail, (ECF No. 13), is DENIED without prejudice; and it is further

ORDERED that the Clerk shall serve this Memorandum and Order upon Petitioner by regular U.S. mail.

*s/Freda L. Wolfson*
FREDA L. WOLFSON
United States District Judge