UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CARL ANTHONY BARNETT,  :
        Petitioner,  :  Civ. No. 16-7940 (FLW)
    v.  :
UNITED STATES OF AMERICA,  :  **OPINION**
        Respondent.  :

**FREDA L. WOLFSON, U.S.D.J.**

## I. INTRODUCTION

Petitioner, Carl Anthony Barnett ("Barnett" or "Petitioner"), is a federal prisoner proceeding *pro se* with a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, Barnett's § 2255 motion is denied, and the Court also denies a certificate of appealability.

## II. BACKGROUND AND PLEADINGS

### A. The Underlying Criminal Proceeding

In October 2011, Barnett and numerous others,[1] all allegedly members of a gang known as the Detroit Boyz, were indicted before this Court on various criminal charges. *United States v. Barnett*, Crim. No. 11-452 (FLW) (D.N.J.), Superseding Indict., ECF No. 150. Specifically, Barnett was indicted for 1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine (Count One), 2) conspiracy to distribute and possess with intent to

---

[1] Confusingly, while Petitioner Carl Barnett was also known as "Pizzo," one of the other persons indicted in this criminal matter was named Carlsen Barnett, also known as "Bam." *See* Crim. No. 11-452, ECF No. 150. For the purposes of this opinion, to be clear, all references to "Barnett" only refers to Petitioner Carl Barnett.

1

distribute 28 grams or more of crack cocaine (Count Two), 3) conspiracy to distribute and possess with intent to distribute 100 grams or more of heroin (Count Three), and 4) distribution and possession with intent to distribute five kilograms or more of cocaine (Count Ten), pursuant to 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a), 841(b)(1)(A), and 846. *Id.* A second superseding indictment added additional defendants, and included a count against Barnett for distribution and possession with intent to distribute a quantity of cocaine. *See* Crim. No. 11-452, ECF No. 161. In April 2012, a grand jury returned a third superseding indictment, which added counts against Barnett for distribution and possession with intent to distribute 28 grams or more of crack cocaine (Count Twelve), distribution and possession with intent to distribute heroin (Count Thirteen), both under 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), as well as possession of a firearm in furtherance of drug-trafficking crimes, under 18 U.S.C. §§ 2 and 924(c)(1)(A)(i).[2] *See* Crim. No. 11-452, ECF No. 210.

On May 4, 2012, Barnett pleaded guilty before this Court to Count One, conspiracy to distribute cocaine, and Count Nineteen, use and carry of a firearm during and in relation to drug crime. Crim. No. 11-452, ECF Nos. 277, 278, 327. The plea agreement acknowledged that the conviction on Count One, taking account of prior-crime enhancements, carried a statutory minimum sentence of 20 years' imprisonment and a maximum sentence of life imprisonment, while Count Two carried a minimum sentence of five years, to run consecutive to the other sentence. *Id.*, ECF No. 278 at 2 & Sched. A. On May 17, 2012, Barnett moved for the appointment of new counsel, claiming, essentially, that his original attorney, Edward Burch, did not adequately represent him. Crim. No. 11-452, ECF No. 318. The Court granted that request,

---

[2] A subsequent Fourth Superseding Indictment did not alter the criminal counts against Barnett. *See* Crim. No. 11-452, ECF No. 302.

and Barnett was subsequently represented by Frederick W. Klepp ("Klepp"). Crim. No. 11-452, ECF No. 319.

Meanwhile, during the pendency of Barnett's first criminal matter, referenced above, on May 17, 2012, Barnett was again indicted by a grand jury for attempt to distribute or to possess with the intent to distribute 500 grams or more of a substance containing cocaine, under 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 846. *United States v. Barnett*, Crim. No. 12-349 (FLW) (D.N.J.), Indict., ECF No. 10. On August 8, 2012, Barnett pleaded guilty to the offense indicted. *Id.*, ECF Nos. 15–17. The plea agreement noted that the offense carried a statutory minimum sentence of five years' imprisonment and a maximum sentence of 40 years. *Id.*, ECF No. 17 at 1–2.

After various delays, a joint sentencing hearing occurred before the Court on June 30, 2014. *See* Crim. No. 11-452, ECF Nos. 441 & 476; Crim. No. 12-349, ECF Nos. 27 & 30. At sentencing, the Court explained that the firearm offense carried a mandatory minimum sentence of five years, to run consecutive to any other sentence. Crim. No. 11-452, Tr. of Hr'g (June 30, 2014), ECF No. 476, at 4; Crim No. 12-349, ECF No. 30. While the Court found that the Sentencing Guidelines would result in an adjusted offense level on the conspiracy charge of 31, as Barnett conceded that he was a career offender due to predicate felony drug offenses, the Court applied an offense level of 34, with a criminal-history level of 6. *Id.* at 5–7. On the drug distribution charge from the 2012 indictment, the Court found that, as a career offender, Barnett's adjusted offense level was a 31, with a criminal history level of 6. *Id.* at 12–14.

Notably, due to Barnett's substantial cooperation, the government moved for a 15-level downward departure and waiver of statutory minimum sentences, requesting that Barnett be sentenced under an offense level of 19 on the 2011 drug charges and an offense level of 16 on

the 2012 drug charge, but a consecutive five-year sentence for the firearm offense remained. *Id.* at 14–16. The Court granted this application and sentenced to Barnett to 72 months on the 2011 drug charge, with 60 months to run consecutively for the firearms offense, and to 46 months, to run concurrently, on the 2012 drug charge, resulting in an aggregate sentence of 132 months. *Id.* at 16–19, 41–43; *see also* Crim. No. 11-452, J. (July 2, 2014), ECF No. 443; Crim. No. 12-349, J. (July 2, 2014), ECF No. 30. On March 13, 2015, Petitioner also received a further reduction from 132 months to 111 months pursuant to USSG § 1B1.10. *See* Crim No. 11-452 at ECF No. 454.

### B. Petitioner's § 2255 Motion

Petitioner did not file a direct appeal. On October 23, 2016, he filed the instant § 2255 petition, raising a single ground for relief based on the Supreme Court's decision in *Mathis v. United States*, 579 U.S. —, 136 S. Ct. 2243, 195 L. Ed.2d 604 (2016). Civil No. 16-7940, ECF No. 1. Petitioner subsequently filed two "motions" to amend his petition. *Id.* at ECF Nos. 2, 4. The first motion to amend provides additional arguments in support of Petitioner's *Mathis* claim. *Id.* at ECF No. 2. The second motion to amend appears to raise a new claim arguing that Petitioner's guilty plea on the weapons charge was involuntary. *Id.* at ECF No. 4. On June 29, 2017, the Court directed the government to answer the petition, *Id.* at ECF No. 9, and the answer was filed on August 14, 2017. *Id.* at ECF No. 11. In its answer, the government argues, in relevant part, that the motion is untimely and without merit.[3] Petitioner filed his traverse on September 1, 2017. *Id.* at ECF No. 12. The matter is now fully briefed and ready for disposition.

---

[3] The Government also argues that the motion is procedurally barred due to the plea waiver in Petitioner's plea agreement and because Petitioner failed to raise these issues on direct appeal.

## III. STANDARD OF REVIEW

Courts may afford relief under Section 2255 on a number of grounds including, "that the sentence was imposed in violation of the Constitution or the laws of the United States." *Id.* § 2255(a); *see also* 28 U.S.C. § 2255 Rule 1(a). The statute provides that, as a remedy for an unlawfully-imposed sentence, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). The court accepts the truth of the defendant's allegations when reviewing a Section 2255 motion unless those allegations are "clearly frivolous based on the existing record." *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005). Additionally, "[i]t is the policy of the courts to give a liberal construction to pro se habeas petitions." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010). A criminal defendant nevertheless bears the burden of establishing his entitlement to § 2255 relief. *See United States v. Davies*, 394 F.3d 182, 189 (3d Cir. 2005). A court is required to hold an evidentiary hearing when the motion "allege[s] any facts warranting § 2255 relief that are not clearly resolved by the record." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (quoting *Booth*, 432 F.3d at 546).

## IV. ANALYSIS

A one-year limitations period applies under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2255(f) ("[a] 1–year period of limitation shall apply to a motion under this section.") This is Petitioner's first § 2255 motion; however, he filed it over a year after his convictions became final. *See* 28 U.S.C. § 2255(f)(1). The motion is thus untimely unless he can prove that each of his claims fall within an exception to the general one-year limitation period for habeas petitions. *See id.* Timeliness of habeas claims is determined on

a claim by claim basis. *See Fielder v. Varner*, 379 F.3d 113, 122 (3d Cir. 2004) (timeliness of federal habeas petition is determined on a claim-by-claim basis, such that timeliness of one claim cannot render others timely merely by association).

### A. Petitioner's *Mathis* Claim

The Court first considers Petitioner's *Mathis* claim. Section 2255 contains an alternate commencement date for the one-year statute of limitations running from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." 28 U.S.C. § 2255(f)(3).

Unlike new rules permitting successive § 2255 motions, new "rights" triggering § 2255(f)(3) need not be constitutional. *See United States v. Lloyd*, 188 F.3d 184, 187 n.8 (3d Cir. 1999) (holding an initial petition can be based on a new statutory right because the language is "broader than the 'new rule of constitutional law' expressly required for second or successive § 2255 motions), *abrogated in part on other grounds by Dodd v. United States*, 545 U.S. 353, 357 (2005); *see also Boatwright v. Warden Fairton FCI*, No. 17-3534, 2018 WL 3640305, at *2 (3d Cir. July 31, 2018) (explaining same). Furthermore, under § 2255(3), both the Supreme Court and lower federal courts can decide the retroactive applicability of a new rule of constitutional law announced by the Supreme Court when reviewing an initial (as opposed to successive) petition. *See U.S. v. Swinton*, 333 F.3d 481, 487 (3d Cir. 2003) (holding that "the statute of limitations provision of § 2255 allows district courts and courts of appeals to make retroactivity decisions").

Here, Petitioner was designated as a career offender pursuant to Section 4B1.1 of the United States Sentencing Guidelines because he had two prior felony convictions for controlled

6

substance offenses. *See* Crim. No. 12-349, Tr. of Hr'g (June 30, 2014) at 6. Based on the allegations in his submissions, the Court construes Petitioner to assert that *Mathis* announced a new right that retroactively applies to his conviction, rendering his motion timely under 28 U.S.C. § 2255(f)(3). If *Mathis* recognized a new right that retroactively applies for purposes of § 2255(f)(3), Petitioner's petition would be timely because he filed it within one year of the date *Mathis* was decided. (*See* ECF No. 1.)

At issue in *Mathis* was an Iowa burglary statute that proscribed entry into or onto locations that included a building, a structure, land, water or an air vehicle. Because generic burglary does not proscribe burglary of vehicles, the Iowa offense was overly inclusive; it included conduct that was not generic burglary. The sentencing court looked to the documents pertaining to Mathis's prior convictions, which revealed that Mathis had burgled structures not vehicles, and the district court concluded that the sentencing enhancement under the ACCA applied. The Eighth Circuit affirmed, holding that whether the itemized list of places "amount[ed] to alternative elements or merely alternative means to fulfilling an element, the statute is divisible, and we must apply the modified categorical approach." The Supreme Court disagreed and reversed the Eighth Circuit because the Iowa Supreme Court has held that the Iowa statute sets forth "alternative method[s] of committing [the] single crime," and an Iowa "jury need not agree on which of the locations was actually involved." *See Mathis*, 136 S. Ct. 2250-51. Thus, *Mathis* clarified when courts may use the modified categorical approach and reaffirmed that a state crime does not qualify as an ACCA predicate offense when its elements are broader than the elements of a listed generic offense. The Third Circuit has applied the reasoning of *Mathis* in determining whether a state crime qualifies as a predicate offense for

career offender enhancement under § 4B1.1 *See United States v. Glass*, No. 16-2906, 2018 WL 4443889, at *2 (3d Cir. Aug. 22, 2018) (precedential).

However, the Third Circuit has not yet decided in a published decision whether *Mathis* recognized a new right for purposes of an initial § 2255 petition under § 2255(f)(3). The Third Circuit has acknowledged, however, that all other circuits to have considered the issue have concluded that *Mathis*, and its predecessor *Descamps v. United States*, 570 U.S. 254 (2013), are not new:[4]

> Every Court of Appeals to have addressed *Mathis* in [the context of an initial petition] or the context of successiveness—which requires a "new rule," 28 U.S.C. § 2255(h)(2)—has [concluded that *Mathis* is not new]. *See, e.g., Dimott v. United States*, 881 F.3d 232, 237 (1st Cir. 2018), *cert. denied*, No. 17-1251, ⸺ U.S. ⸺, ⸺ S. Ct. ⸺, ⸺ L.Ed.2d ⸺, 2018 WL 1243146 (U.S. June 25, 2018); *In re Conzelmann*, 872 F.3d 375, 376-77 (6th Cir. 2017) (collecting cases). Other courts have concluded that *Mathis's* immediate predecessor, *Descamps v. United States*, 570 U.S. 254, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), is not "new" for purposes of § 2255(f)(3) either. *See, e.g., Beeman v. United States*, 871 F.3d 1215, 1219-20 (11th Cir. 2017); *United States v. Morgan*, 845 F.3d 664, 666-67 (5th Cir. 2017) (collecting cases). Their reasoning would appear to apply with equal force to *Mathis* as well.

*Boatwright*, 2018 WL 3640305, at *2 (considering a *Mathis* claim brought under § 2241 and declining to decide whether *Mathis* announces a new right under § 2255(f)(3)).[5]

---

[4] In *Descamps v. United States*, 570 U.S. 254 (2013), the Supreme Court held that sentencing courts may not apply the modified categorical approach to a defendant's crime of conviction that has a single, indivisible set of elements.

[5] As the Third Circuit further explained in *Boatwright* that "[t]o the extent *Mathis* is not new, the challenge brought by Boatwright was available at least by the time the Supreme Court decided *Descamps* on June 20, 2013." His conviction became final about six months before that on January 13, 2013. Thus, Boatwright would have had approximately six months to raise a claim under *Descamps* that would have been timely as measured from the date of his conviction, *see* 28 U.S.C. § 2255(f)(1), regardless of whether *Descamps* itself was "new."

8

Here, the Court need not resolve this question, because even if I were to find that Petitioner could proceed on his *Mathis* claim under 28 U.S.C. § 2255(f)(3), it would fail on the merits.[6] From the outset, Petitioner appears to assert that <u>all of his prior convictions</u>, including his prior out-of-state convictions, were predicate offenses that rendered him a career offender under the Guidelines. He is incorrect. Petitioner was designated as a career offender under the Guidelines based on his two prior New Jersey controlled substance offenses <u>only</u>.[7] As such, the Court addresses only whether these New Jersey offenses properly rendered Petitioner a career offender. Because the Court finds that Petitioner's those convictions properly render him a career offender, I will not address Petitioner's other convictions.

As relevant here, a defendant qualifies for a career-offender enhancement under the Guidelines if he or she "has at least two prior felony convictions of ... a controlled substance offense." U.S.S.G. § 4B1.1(a). A "controlled substance offense" is an offense that (1) is punishable by a term of imprisonment that exceeds one year and (2) "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." *Id.* § 4B1.2(b). The term "prior felony

---

[6] The government argues that Petitioner's *Mathis* claim is untimely and meritless. With respect to the latter, the government appears to argue that Petitioner's *Mathis* claim fails in light of *Beckles v. United States*, 137 S. Ct. 886 (2017), which, according to the government, "declined to extend *Mathis* and held that the Federal Sentencing Guidelines, including Section 4B1.2(a)'s residual clause, are not subject to vagueness challenges under the due process clause." Civ. No. 16-7940, ECF No. 11, Answer at 8. *Beckles*, however, has no applicability to this matter, and the government appears to confuse *Johnson v. United States*, 135 S. Ct. 2551 (2015) (holding that residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague) with *Mathis*.

[7] Petitioner's confusion may stem from the fact that ACCA requires three predicate offenses whereas the Guidelines requires only two predicate offenses. *See* U.S.S.G. § 4B1.1(a). Petitioner apparently believes that he was designated as a career offender based on three prior offenses, *see* Civ. No. 16-7940, ECF No. 1-2, at 20, which is incorrect.

conviction" within the context of § 4B1.1(a) is defined as a "prior adult federal or state conviction for an offense punishable by ... imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." U.S. Sentencing Guidelines Manual § 4B1.2 cmt. n. 1 (2011) (emphasis added); *see also Davila v. United States*, No. CIV. 12-2412 JBS, 2012 WL 2839815, at *3 (D.N.J. July 10, 2012).

According to the Presentence Investigation Reports ("PSR"), Petitioner has two prior controlled substance convictions in New Jersey for possession with intent to distribute CDS. The first offense occurred on October 11, 2000 ("the 2000 CDS Offense"), when Petitioner was nineteen. The second offense involved cocaine and occurred on December 27, 2001 ("the 2001 CDS Offense") when Petitioner was twenty. Petitioner received a two-year probationary sentence on the 2000 CDS Offense and a three-year probationary sentence on the 2001 CDS Offense. *See* PSR at ¶¶ 218-221. Although the PSR does not list the New Jersey statute that Petitioner violated, the PSR lists "possession of CDS with intent to distribution" [sic], which corresponds to N.J.S.A. 2C:35-5.[8]

---

[8] Furthermore, a search of the public records through New Jersey's Promis Gavel System, available at https://mccs.njcourts.gov/webe4/ExternalPGPA/index.jsp, shows that Petitioner was convicted pursuant to N.J.S.A. 2C:35-5. According to the information available on Promis Gavel, the 2000 Offense was a fourth-degree offense, and the 2001 Offense, which involved cocaine, was a second degree offense. All convictions under N.J.S.A. 2C:35-5, including possession with intent to distribute less than a gram of marijuana, are <u>at minimum</u> fourth-degree crimes. As relevant here, a crime of the fourth degree under New Jersey law, including a fourth-degree crime under N.J.S.A. 2C:35-5, is punishable by a term of imprisonment "for a specific term which shall be fixed by the court and shall not exceed 18 months." N.J.S.A. 2C:43–6(a)(4); *see also Mass v. United States*, No. 11-CV-2407 RBK, 2014 WL 6611498, at *8 (D.N.J. Nov. 20, 2014) (explaining same). In the case of a crime of the second degree, for a specific term of years which shall be fixed by the court and shall be between five years and 10 years. N.J.S.A. § 2C:43-6(2)(2). The fact that Petitioner received probationary sentences does not affect this analysis.

When examining whether a prior conviction counts as a predicate offense for purposes of sentencing under § 4B1.1, a court must first determine whether all conduct covered by the statute of conviction, in this case N.J.S.A. § 2C:35-5, meets the generic federal definition of a controlled substance offense as defined in the sentencing guidelines. *Descamps*, 570 U.S. at 261. If the relevant statute has the same elements as the generic offense, then the crime committed is considered a categorical match to the federal counterpart and no further inquiry is necessary. *Id.* Likewise, if a particular statute defines a crime more narrowly than the generic statute, this too would be considered a categorical match, as anyone convicted under the narrower law is "necessarily ... guilty of all the [generic crime's] elements." *Id.* (internal citations omitted). If, however, the statute in question sweeps more broadly than the federal generic crime, covering some conduct that does not meet the requirements of the generic offense and some that does, it is considered overbroad and a conviction under that particular statute cannot be considered a categorical match to its federal counterpart. *Id.; see also Mathis*, 136 S. Ct. at 2251; *Glass*, 2018 WL 4443889, at *2 (applying *Mathis* to analysis of § 4B1.1); *United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016) (same).

Here, the applicable generic federal definition is found in the Sentencing Guidelines at § 4B1.2(b), *see United States v. Lampley*, 723 F. App'x 152, 155 (3d Cir. 2018), which defines a predicate drug offense as "the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) <u>or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.</u>" (Emphasis added). N.J.S.A. 2C:35-5(a)(1) makes it unlawful for any person knowingly or purposely "to manufacture, distribute or dispense, or t<u>o possess or have under his control with intent to manufacture, distribute or dispense, a controlled dangerous substance or controlled</u>

11

substance analog[.]" Because the state drug offense includes the same proscribed conduct, it qualifies as a predicate offense. *See Mathis*, 136 S. Ct. at 2248 ("To determine whether a prior conviction [qualifies as a predicate offense], courts apply what is known as the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements [of the predicate offense], while ignoring the particular facts of the case."). Because the federal and state definitions match, the state CDS crimes qualify as predicate offenses under the categorical approach, and the Court need not resort to the modified categorical approach, which was the issue in *Mathis*.

The Court construes Petitioner to argue that the 2000 CDS Offense should not be considered a predicate offense because it doesn't qualify as a felony – or more properly – an aggravated felony. *See* Civ. Act. No. 16-7940, ECF No. 1-2, at 7. Petitioner relies on a series of decisions in the immigration context in support of his argument. *Id.* These decisions are inapposite. In *Chang-Cruz v. Attorney Gen. United States of Am.*, 659 F. App'x 114 (3d Cir. 2016), the Third Circuit held that N.J.S.A. 2C:35-7, of which alien had previously been convicted, swept more broadly than the generic federal offense because the New Jersey offense could be committed by means either of distribution or dispensing of controlled substance, and thus did not qualify as "aggravated felony." Under the immigration code, an aggravated felony is determined by reference to the Controlled Substances Act ("CSA"), 21 U.S.C. § 802. The Court in *Chang-Cruz* determined that N.J.S.A. 2C:35–7 sweeps more broadly than § 860 of the CSA, which criminalizes distribution but not dispensing, and, thus, the conviction could not form the basis for an aggravated felony in the immigration context. *See Chang-Cruz*, 659 F. App'x at 118; *see also Wilson v. Ashcroft*, 350 F.3d 377, 381 (3d Cir. 2003) (noting that "a person who violates Section 841(a) 'by distributing a small amount of marihuana for no remuneration' shall

be punished under the misdemeanor provisions of 21 U.S.C. § 844"). As explained above, the relevant comparison here is between N.J.S.A. 2C:35–5 and § 4B1.2(b). *See United States v. Jackson*, 711 F. App'x 90, 92 (3d Cir. 2017) (explaining that "unlike § 860, the Career Offender Guideline <u>does cover</u> 'dispensing' in its disjunctive list of elements" and finding that the petitioner's "reliance on *Chang–Cruz* is misplaced") (emphasis added); *Lampley*, 723 F. App'x at 155 (same). As such, *Chang-Cruz* and the other immigration decisions cited by Petitioner do not provide a basis for relief.

Finally, the Court notes that Petitioner in this case received a 15-level departure and waiver of minimum sentences due to his substantial cooperation. At sentencing, this Court described this departure as "an incredible break" and a "tremendous" reduction. Crim. No. 12-349, Tr. of Hr'g (Jun. 30, 2014), ECF No. 30 at 40. Without the reduction, Petitioner faced a guidelines sentence of 322-387 months (including the 60-month consecutive term for the gun charge) for his 2011 crimes and a twenty-year minimum on Count One. *See id.* Petitioner received a total sentence of 132 months, which was subsequently reduced to 111 months. Although Petitioner received the career offender enhancement, his overall sentence does not truly reflect his career offender status due to the substantial reduction he received. Even assuming that the government would have offered this reduction if the career offender designation were not applicable, this Court would <u>not</u> have accepted the 15-level reduction under those circumstances.

For all these reasons, the Court denies Petitioner's *Mathis* claim.

**B. Involuntary Plea**

In his second motion to amend, Petitioner argues that his plea was involuntary because his plea agreement with respect to Count Nineteen (the firearm offense) listed a violation of 18

U.S.C. § 924(c)(1)(A)(ii), which applies to the brandishing of a firearm, rather than a violation of 18 U.S.C. § 924(c)(1)(A)(i), which applies to the use or carrying of a firearm.[9] This typographical error also appears in Petitioner's judgment of conviction. *See* Crim No. 11-452, ECF No. 443. From the outset, the Court finds that this argument is plainly time barred under § 2255(f) and subject to dismissal on that basis. Furthermore, it is clear from the record that Petitioner pleaded guilty to and was sentenced under § 924(c)(1)(A)(i) to a five-year term of imprisonment on the weapons offense. The references to § 924(c)(1)(A)(ii) in the plea agreement and the Judgment of Conviction are indisputably typographical errors that did not cause Plaintiff any prejudice, as he was sentenced pursuant under § 924(c)(1)(A)(i) and did not receive the higher sentence for brandishing under 18 U.S.C. § 924(c)(1)(A)(ii). *See United*

---

[9] The subsection of 18 U.S.C. § 924(c) reads in relevant part:

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C.A. § 924.

*States v. Knight*, 295 F. App'x 519, 521 (3d Cir. 2008) (affirming conviction where error in the plea agreement did not prejudice defendant).

Although Petitioner is not entitled to relief under § 2255, a clerical error may be subject to correction under Fed. R. Crim. P. 36. Under that Rule, "[a]fter giving notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."[10] It would appear that such correction may be appropriate here. The Court will provide the government with 14 days within which to submit any objections to the Court's correction of the JOC pursuant to Rule 36.

**C. Certificate of Appealability**

When a district court denies a habeas petition on procedural grounds, such as timeliness, a Certificate of Appealability ("COA") is only appropriate if (1) "jurists of reason ... could conclude the [constitutional] issues presented are adequate to deserve encouragement to proceed further," *Perry v. Diguglielmo*, 169 F. App'x 134, 136 (3d Cir. 2006) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)), and (2) "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," *Id.* (citing *Slack v. McDaniel*, 529 U.S. 473, 478 (2000)). Here, the Court's procedural ruling is not debatable. Furthermore, Petitioner has not made a substantial showing of the denial of a constitutional right; as such, no certificate

---

[10] A court's authority under Rule 36 is limited to the correction of clerical errors in the judgment. *See United States v. Bennett*, 423 F.3d 271, 277–78 (3d Cir. 2005). "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties." 26 James Wm. Moore et al., Moore's Federal Practice ¶ 636.02[2] (3d ed. filed through 2005); *see also* 3 Charles Alan Wright et al., Federal Practice and Procedure: Criminal § 611, at 809–12 (3d ed. 2004). As explained by the Third Circuit, "Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge." *Bennett*, 423 F.3d at 278 (citing 26 Moore et al., supra, ¶ 636.03[1][c]).

15

of appealability will issue pursuant to 28 U.S.C. § 2253(c)(1)(B). *See* Fed. R. App. P. 22(b)(1); 3d Cir. L.A.R. 22.2.

### V. **CONCLUSION**

For the reasons expressed in the foregoing Opinion, the Court dismisses the § 2255 Motion and declines to issue a certificate of appealability. An appropriate Order follows.

/s/ Freda L. Wolfson
Freda L. Wolfson
United States District Judge

Date: October 3, 2018